

COPY

MAR 2 0 2006

MICHAEL K. JEANES, CLERK
J. DAMRON
DEPUTY CLERK

1  Claudio E. Iannitelli (012759)
2  Rick K. Carter (012660)
   **CHEIFETZ IANNITELLI MARCOLINI, P.C.**
3  1850 North Central Avenue, 19th Floor
   Phoenix, Arizona 85004
4  (602) 952-6000

5  Attorneys for Plaintiff

6  ## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

7  ## IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| 8  DELTA MECHANICAL, INC., an Arizona | No. CV 2005-018017 |
| 9  corporation, | |
| | **FIRST AMENDED COMPLAINT** |
| 10            Plaintiff, | |
| 11      v. | (Civil – Breach of Contract/Unjust Enrichment/ Promissory Estoppel |
| 12  THE GARDEN CITY GROUP, INC., a New | |
| York corporation; RHEEM MANUFACTURING | |
| 13  COMPANY, a Delaware corporation; | |
| AMERICAN WATER HEATER COMPANY, a | |
| 14  Nevada corporation; BRADFORD WHITE | |
| CORPORATION, a Delaware corporation, A.O. | |
| 15  SMITH CORPORATION, a Delaware | |
| corporation; STATE INDUSTRIES, INC., a | |
| 16  Tennessee corporation, and LOCHINVAR | |
| 17  CORPORATION, a Tennessee corporation, | |
| 18            Defendants. | |

19      Plaintiff Delta Mechanical, Inc. ("Delta"), by and through its attorneys and for its Complaint

20  against Defendants The Garden City Group, Inc. ("Garden City"), Rheem Manufacturing Company

21  ("Rheem"), American Water Heater Company ("American"), Bradford White Corporation

22  ("Bradford"), A.O. Smith Corporation ("Smith"), State Industries, Inc. ("State") and Lochinvar

23  Corporation ("Lochinvar"), states and alleges as follows:

24

25

26

## NATURE OF THE ACTION

1.      This is an action for breach of contract, promissory estoppel, and unjust enrichment arising out of a Class Action Settlement Agreement (the "Settlement Agreement") approved by the United States District Court for the Western District of Missouri, Western Division, on or about May 1, 2000 (the "Missouri District Court"), in Case No. 99-0679-CW-W-6 (the "Class Action").

2.      Each of the above-captioned Defendants are either a party to the Settlement Agreement or a party delegee under the Settlement Agreement.

## THE PARTIES

3.      Plaintiff Delta is a corporation organized and existing under the laws of the State of Arizona and authorized to do business therein with its principal place of business at 2500 South Power Road, Suite 120, Mesa, Arizona 85208. Delta is also authorized to do business in California, Florida, Georgia, Michigan, Nevada, New Mexico, North Carolina, South Carolina, and Texas.

4.      Delta was among the plumbing companies authorized by the Settlement Agreement to perform certain repair work in furtherance thereof, and an intended third-party beneficiary of the Settlement Agreement.

5.      Garden City ("Garden City") is a corporation organized and existing under the laws of the State of New York, with its principal place of business in Melville, New York. Garden City was the Court approved (and Defendant nominated) Third-Party Administrator with regard  to the Settlement Agreement, and the party delegee of the Settling Defendants.

6.      The settling Defendants expressly delegated the following duties under the Settlement Agreement to Garden City:

        a.      The review and processing of class member claims forms;

        b.      The management of the entire claims submission process including the duty to render payment to participating approved contractors for all work performed on behalf of the eligible class members in furtherance of the Settlement Agreement.  (Please see attached Exhibit "B," a true and correct copy of correspondence dated February 11, 2003).

- 2 -

No. CV 2005-018017

7.      Rheem Manufacturing Company ("Rheem") is a manufacturer of water heater tanks and a corporation organized and existing under the laws of the State of Delaware, with its principal place of business in New York City, New York, and is one of the "Settling Defendants" under the Settlement Agreement.

8.      American Water Heater Company ("American") is a manufacturer of water heater tanks and a corporation organized and existing under the laws of the State of Nevada, with its principal place of business at Johnson City, Tennessee, and is one of the Settling Defendants under the Settlement Agreement.

9.      Bradford White Corporation ("Bradford") is a manufacturer of water heater tanks and a corporation organized and existing under the laws of the State of Delaware, and is one of the Settling Defendants under the Settlement Agreement.

10.     A.O. Smith Corporation ("Smith") is a manufacturer of water heater tanks and a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at Milwaukee, Wisconsin, and is one of the Settling Defendants under the Settlement Agreement.

11.     State Industries, Inc. ("State") is a manufacturer of water heater tanks and a corporation organized and existing under the laws of the State of Tennessee, with its principal place of business at Milwaukee, Wisconsin, and is one of the Settling Defendants under the Settlement Agreement.

12.     Lochinvar Corporation ("Lochinvar") is a manufacturer of water heater tanks and a corporation organized and existing under the laws of the State of Tennessee, with its principal place of business at Lebanon, Tennessee, and is one of the Settling Defendants under the Settlement Agreement.

## JURISDICTION AND VENUE

13.     This Court has jurisdiction over Rheem, American, Bradford, Smith, State, Lochinvar, (collectively referred to as "the Settling Defendants") because they manufactured items ultimately

- 3 -

1    either sold within the State of Arizona or integrated within an item sold within the State of Arizona,

2    which caused damage in the State of Arizona.

3         14.    Venue is proper in Maricopa County because there were repairs performed in

4    Maricopa County.

5                                **GENERAL ALLEGATIONS**

6         15.    On or about May 1, 2000, the Missouri District Court approved the Settlement

7    Agreement in connection with the underlying class action litigation styled Heilman, et al. v.

8    Perfection Corporation, et al., Case No. 99-0679-CW-W-6 ("the Class Action").

9         16.    The Class Action Settlement Agreement broadly defined the scope of the class as "all

10   persons throughout the United States who own a water heater manufactured by a Tank Manufacturer

11   [Settling Defendants] containing a Subject Dip Tube or who owned such a heater and suffered

12   damages".

13        17.    Under the Settlement Agreement, a "Subject Dip Tube" was defined as a dip tube

14   manufactured between August 1993 and October 1996, installed by a Tank Manufacturer, ( the

15   Settling Defendants) and purchased by a class member prior to September 8, 1999.

16        18.    The Settling Defendants were manufacturers of water heaters in which a Subject Dip

17   Tube was installed.

18        19.    Pursuant to the Settlement Agreement, class members owning water heaters with

19   Subject Dip Tubes who had not incurred related out-of-pocket expenses were eligible for

20   replacement of the dip tubes upon submission of a Proof of Claim.

21        20.    Upon receipt of a proof of claim from a class member, the Settling Defendants were

22   obligated to issue a certificate for a Subject Dip Tube replacement ("Certificate") to be redeemed

23   within six (6) months of the Class Member's receipt thereof.

24        21.    Plaintiff Delta was an approved and authorized plumbing service, and an intended

25   third party beneficiary of the Settlement Agreement.

26

-4-

22.     Upon information and belief, the components of a water heater manufactured between 1993 and 1996 are typically identified by the serial number on the water heater.

23.     Upon further information and belief, the second letter of the serial number on a water heater manufactured between 1993 and 1996 identifies the month of manufacture and the next two digits identify the year of its manufacture.

24.     Plaintiff Delta performed hundreds of Subject Dip Tube replacements for class members from January 2000 through December 2001, replacing the Subject Dip Tubes for class members only after the Class Member had timely submitted the Proof of Claim form to the Settling Defendants delegee, Garden City.

25.     Upon information and belief, the Defendants failed to issue Certificates to otherwise eligible class members despite having received timely and complete proof of claims.

26.     As a direct result of the Defendants' failure to issue certificates to otherwise eligible class members, Plaintiff has not been compensated for all repair/replacement work performed in furtherance of the Settlement Agreement between January 2000 and December 2001.

27.     Upon information and belief, all of the Class Members for which Delta performed Subject Dip Tube replacement work were entitled to a Certificate, under the terms of the Settlement Agreement.

28.     On or about August 12, 2003, the Defendants informed Delta that the settlement fund had been exhausted.

29.     On or about January 6, 2004, the above-captioned Defendants notified Plaintiff of their outright denial of claims involved herein.

## COUNT ONE

### (Breach of Contract)

30.     Delta hereby incorporates all prior paragraphs set forth above as if fully set forth herein.

31.     Delta is an intended third-party beneficiary of the Settlement Agreement.

- 5 -

No. CV 2005-018017

32. As an intended third-party beneficiary of the Settlement Agreement, Delta is entitled to seek damages as a result of the above-captioned Defendants' failure to abide by their respective obligations thereunder.

33. Delta substantially performed all of its obligations under the Settlement Agreement.

34. Delta replaced the Subject Dip Tube in the water heaters of class members who timely filed their Proofs of Claim and were entitled to receive a Certificate from Garden City.

35. The above-captioned Defendants failed to timely issue Certificates to all eligible class members for whom Delta replaced Subject Dip Tubes.

36. Defendants' failure to timely issue Certificates to the class members for whom Delta replaced Subject Dip Tubes constituted a breach of the Settlement Agreement.

37. To the extent that the Class Member's receipt of a Certificate is a prerequisite to Delta's ability to receive compensation for repair work performed pursuant to the Settlement Agreement, the Defendants frustrated said condition by failing to issue Certificates to every Class Member eligible for receipt of same.

38. As a direct result of Defendants' failure to comply with their respective obligations under the Settlement Agreement, Delta suffered damages in an amount to be proven at trial, and reasonably believed to be approximately $500,000.00.

**COUNT TWO**

**(Unjust Enrichment)**

39. Delta hereby incorporates all prior paragraphs set forth above as if fully set forth herein.

40. Delta's performance of the Subject Dip Tube replacement work for the eligible class members relieved the Settling Defendants of liability to the eligible class members under the Settlement Agreement and, therefore, resulted in a benefit to the Settling Defendants.

41. The benefits were received and retained by the Settling Defendants wrongfully and with their knowledge.

- 6 -

No. CV 2005-018017

42.     The acceptance and retention of the benefits involved herein are under circumstances that make it inequitable for the Defendants to retain such without the payment of its value to the Plaintiff Delta.

43.     Accordingly, the Defendants are liable to Delta for restitution in an amount equal to the value of the Subject Dip Tube replacement work that Delta performed for the eligible class members, to date, which is reasonably believed to be approximately $500,000.00.

## COUNT THREE

### (Promissory Estoppel)

44.     Delta incorporates all prior paragraphs set forth above as if fully set forth herein.

45.     Delta reasonably and foreseeably relied, to its detriment, upon the provisions of the Settlement Agreement in performing the Subject Dip Tube Replacement work for eligible class members who submitted timely Proofs of Claim.

46.     As a direct result of its reasonable and foreseeable reliance upon the provisions of the Settlement Agreement, Plaintiff Delta has been damaged and is entitled to recover its damages in an amount to be proven at trial, but reasonably believed to be approximately $500,000.00.

## COUNT FOUR

### (Breach of the Implied Covenant of Good Faith and Fair Dealing)

47.     Delta incorporates all prior paragraphs set forth above as if fully set forth herein.

48.     As a matter of public policy, a covenant of good faith and fair dealing is implied in every contract.

49.     As a third-party beneficiary under the Settlement Agreement, the Defendants owed Delta a duty of good faith and fair dealing.

50.     To the extent that the Defendants failed to provide sufficient funding to enable authorized plumbers such as Delta to obtain compensation for the repair of Subject Dip Tubes belonging to eligible class members who timely submitted Proofs of Claim, they breached the covenant of good faith and fair dealing implied within the Settlement Agreement.

- 7 -

1      51.    As a direct result of the Defendants' breach of the implied covenant of good faith and

2  fair dealing, Delta incurred damages in an amount to be proven at trial, but reasonably believed to be

3  approximately $500,00.00.

4      WHEREFORE, Plaintiff Delta Mechanical, Inc. respectfully prays that Judgment be entered

5  in its favor and against Defendants Rheem Manufacturing Company, American Water Heater

6  Company, Bradford White Corporation, A.O. Smith Corporation, State Industries, Inc., Lochinvar

7  Corporation and Garden City Group, Inc., as follows:

8      A.    For breach of contract damages in an amount to be proven at trial, and reasonably

9            believed to be approximately $500,000.00;

10     B.    For the reasonable value of Delta's Subject Dip Tube repair work in an amount to be

11           proven at trial;

12     C.    For prejudgment interest as provided by law;

13     D.    For costs and attorneys' fees; and

14     E.    For such other and further relief as the Court deems just and proper.

15  DATED this 20th day of March, 2006.

16                              CHEIFETZ IANNITELLI MARCOLINI, P.C.

17

18                              By _____
                                    Claudio E. Iannitelli
19                                  Rick K. Carter
                                    Attorneys for Plaintiff
20

21  ORIGINAL of the foregoing filed
    this 20th day of March, 2006, with:
22

23  Clerk
    MARICOPA COUNTY SUPERIOR COURT
24  201 West Jefferson Street
    Phoenix, Arizona 85003-2243
25

26  By _____

                              - 8 -

                                                    No. CV 2005-018017