**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | | |
|---|---|---|
| DELTA MECHANICAL, INC., | ) | |
| | ) | |
| Plaintiff, | ) | 2:06-cv-01095 JWS |
| | ) | |
| vs. | ) | **ORDER AND OPINION** |
| | ) | |
| THE GARDEN CITY GROUP, INC., *et al.*, | ) | [Re: Motions at Dockets 82 and 83] |
| | ) | |
| Defendants. | ) | |
| | ) | |

## I. MOTIONS PRESENTED

At docket 82, defendants Rheem Manufacturing Company, American Water Heater Company, Bradford White Corporation, A.O. Smith Corporation, and Lochinvar Corporation (collectively "Defendants") move pursuant to Rule 45(c)(3)(A)(iii) to quash a subpoena directed to Barnow & Goldberg, PC. by plaintiff Delta Mechanical, Inc. ("Delta"). At docket 83 Defendants move to quash a subpoena directed by Delta to Frilot, LLC. The motions have been briefed. Oral argument was not requested on either motion and would not assist the court.

## II.  BACKGROUND

On May 1, 2000, the United States District Court for the Western District of Missouri approved a settlement agreement in *Heilman, et al. v. Perfection Corporation, et al.*, Case No. 99-0679-CW-W-6, a class action suit involving defective water heaters. The settlement agreement defined the class as "all persons throughout the United States who own a water heater manufactured by a Tank Manufacturer [settling defendants] containing a Subject Dip Tube or who owned such a heater and suffered damages."[1]  The settling defendants include the Defendants.

Delta was selected as one of the "authorized service personnel" to perform dip tube replacements under the settlement agreement.  Delta performed hundreds of dip tube replacements for class members from January 2000 through December 2001. Delta performed the dip tube replacements after class members timely submitted proof of claim forms pursuant to the settlement agreement.  Delta alleges that it has not been compensated for work performed between January 2000 and December 2001 in furtherance of the settlement agreement because defendants failed to issue certificates to otherwise eligible class members.  In December 2001, Delta retained a collection agency to pursue its claims against defendants.  In August 2003, defendants informed Delta that the settlement fund was exhausted.

Following an unsuccessful effort to intervene in the *Heilman* case itself, Delta filed a lawsuit in Arizona Superior Court which was removed to this court.  Delta's complaint alleged four claims against Defendants: breach of contract, unjust

---

[1] Amended Complaint at 4, exh. A, doc. 1.

enrichment, promissory estoppel, and breach of the implied covenant of good faith and fair dealing

In an order dated June 11, 2007, the court dismissed Delta's claims for promissory estoppel and unjust enrichment as barred by the applicable statute of limitations.[2] Subsequently, in an order dated January 25, 2008, the court granted Defendants' motion to dismiss Delta's claims for breach of contract and breach of the covenant of good faith and fair dealing on the grounds that Delta was not a third-party beneficiary of the settlement agreement and so lacked standing to pursue its claims for breach of contract and breach of the covenant of good faith and fair dealing. Delta appealed, and the Ninth Circuit reversed:

> The district court erred in concluding pursuant to Rule 12(b)(6) that Delta was not a third-party beneficiary to the agreement. The evidentiary record on this issue demonstrates at this early stage of the case that whether Delta was or was not a third-party beneficiary is a genuine issue of material fact that might survive summary judgment.[3]
>
> * * *
>
> There can be no doubt that Delta qualifies as "authorized service personnel." Thus, a reasonable fact finder might determine that the settling defendants did intend to assume a direct obligation to Delta for the replacement costs.[4]

Thus, it is clear that Delta's remaining claims depend upon ferreting out the settling parties' intention in the settlement agreement vis-a-vis the class of service providers into which Delta falls.

---

[2]Doc. 36.

[3]Doc. 66-1 at p. 2-3 of the Memorandum.

[4]*Id.* at p.5.

Barnow & Goldberg, P. C. ("Barnow") is a law firm which represented the plaintiffs in the *Heilman* litigation. The subpoena, which is the subject of the motion at docket 82, is directed to Barnow. Frilot, LLC ("Frilot") is a law firm which represented the Defendants in the *Heilman* case. The subpoena addressed by the motion at docket 83 is directed to Frilot.

### III. DISCUSSION

Delta correctly contends that a party does not have standing to seek relief with respect to a subpoena served on another entity unless the party may claim a privilege with respect to the documents sought from the other entity. A leading treatise has noted that, "numerous cases have held that a party lacks standing to challenge a subpoena absent a showing that the objecting party has a personal right or privilege regarding the subject matter of the subpoena."[5]

Defendants did not address the issue of standing in the motion at docket 82, but Delta contends in its joint response to dockets 82 and 83 that Defendants lack standing with respect to the subpoena issued to Barnow. The only reply memorandum Defendants have filed is confined to a discussion of the motion at docket 83. The court therefore concludes that Defendants lack standing to challenge the subpoena issued to Barnow. Defendants do have standing to challenge the subpoena issued to Frilot to the extent they seek to enforce the attorney-client privilege and work-product privilege, and Delta more or less concedes as much. [6]

---

[5] Wright & Miller, *Federal Practice and Procedure: Civil 3d,* § 2463.1.

[6] Doc. 89 at p. 7.

According to Defendants (and not challenged by Delta) the subpoena directed to Frilot seeks all of the drafts of the Heilman Settlement Agreement and all notes relating to the settlement agreement. In addition, it seeks all correspondence relating to the settlement agreement which is not subject to a privilege.[7] Defendants' first argument is that the subpoena seeks irrelevant material that won't lead to the discovery of admissible evidence. This argument is frivolous. The Ninth Circuit decision in this case makes clear that Delta's claims depend on the intention of the parties when they executed the settlement agreement.

Defendants' next argument is that the materials sought are protected by the work-product doctrine. This argument is too broad, for as Delta convincingly explains in its response, there will almost certainly be documents within the subpoena which were shared between opposing counsel and therefore outside the work-product privilege. To the extent that there are documents that fall within the work-product privilege, the court agrees with Delta for the reasons advanced at pages 11-12 of its response[8] that Delta has a substantial need to obtain the information within these documents and cannot without undue hardship obtain the information without reviewing these documents. Indeed, there is likely no other way for Delta to discover what actually was the intent of the parties to the settlement agreement.

Defendants also rely on the proposition that the court should enforce a privilege for settlement documents and settlement negotiations. Even were there such a

---

[7]Doc. 83 at p. 3.

[8]Doc. 89.

privilege applicable in most cases, the court would decline to enforce it here, because the Ninth Circuit's view of this lawsuit is such that it cannot be resolved on the basis of the settlement agreement itself, but rather requires exploration of what the parties intended with respect to service providers as third-party beneficiaries when they entered the agreement.

Finally, Defendants contend that the subpoena must be quashed because it would require Frilot to travel more than 100 miles. As an initial matter, it is doubtful that Defendants have standing to assert this objection. Even assuming that they do, the subpoena does not require Frilot to do anything more than mail copies of the relevant documents to counsel for Delta. This argument also lacks merit.

## V.  CONCLUSION

For the reasons above, the motions at dockets 82 and 83 are **DENIED**.

DATED this 28th day of June 2010.

/s/ JOHN W. SEDWICK
UNITED STATES DISTRICT JUDGE