# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

|  |  |  |
|---|---|---|
| DELTA MECHANICAL, INC., | ) | |
| | ) | |
| Plaintiff, | ) | 2:06-cv-1095 JWS |
| | ) | |
| vs. | ) | ORDER AND OPINION |
| | ) | |
| GARDEN CITY GROUP, INC., *et al.*, | ) | [Re: Motions at Dockets 99 & 102] |
| | ) | |
| Defendants. | ) | |
| | ) | |

## I.  MOTION PRESENTED

At docket 99, defendants Rheem Manufacturing Company, American Water Heater Company, Bradford White Corporation, A.O. Smith Corporation, and Lochnivar Corporation (collectively "defendants") move to deem certain matters admitted pursuant to Federal Rule 36(a).  Plaintiff Delta Mechanical, Inc. ("Delta") opposes the motion at docket 101.  Defendants' reply is at docket 103.

At docket 102, Delta moves in the alternative to have matters deemed admitted withdrawn pursuant to Federal Rule 36(b).  Defendants oppose the motion at docket 103.  Delta's reply is at docket 105.

Oral argument was not requested as to either motion and would not assist the court.

## II.  BACKGROUND

This suit arises out of the settlement agreement in *Heilman v. Perfection Corporation*,[1] a class action involving defective water heaters.  Defendants in this action manufactured water heater tanks containing faulty dip tubes.  Delta was selected to perform dip tube replacements under the agreement.  Delta maintains that it has not been paid for work performed pursuant to the agreement because defendants did not issue certificates for dip tube replacements to all eligible class members.  Delta sued to enforce the settlement agreement as a third-party beneficiary, asserting claims for breach of contract, unjust enrichment, promissory estoppel, and breach of the implied covenant of good faith and fair dealing.  Only the breach of contract and breach of the implied covenant of good faith and fair dealing claims remain.[2]

On October 1, 2010, defendants served their requests for admission on Delta.  Responses were due thirty days later.  On October 12, 2010, Delta's primary attorney was hospitalized after having a heart attack.[3]  He had heart surgery and was not discharged until October 20, 2010.[4]  The doctor instructed him not to return to work until the week of December 6, 2010.[5]  Delta did not respond to defendants' requests for admission until December 20, 2010, approximately six weeks after responses were due.

---

[1]No. 99-0679-CW-W-6 (W.D. Mo. 2000).

[2]Doc. 36.

[3]Doc. 101-1 ¶ 5.

[4]*Id.* ¶¶ 5, 6.

[5]*Id.* ¶ 6.

Delta admitted twelve of defendants' eighteen requests.  Delta denied requests 8 through 12 and 17.

## III.  DISCUSSION

### A.  Motion at Docket 99

Under Federal Rule 36(a)(3), "[a] matter *is* admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection."[6]  "No motion to establish the admission is needed because Federal Rule of Civil Procedure 36(a) is self executing."[7]  Operation of Rule 36(a)(3) is automatic; the substance of defendants' requests for admission was admitted 30 days after it was served because Delta did not respond.  "Any matter admitted under this rule is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended."[8]

### B.  Motion at Docket 102

Under Federal Rule 36(b), "the court may permit withdrawal . . . if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits."[9]  "[A] district court must specifically consider both factors under the rule before deciding a motion to withdraw or amend admissions."[10]

---

[6]Fed. R. Civ. P. 36(a)(3) (emphasis added).

[7]*FTC v. Medicor*, 217 F. Supp. 2d 1048, 1053 (C.D. Cal. 2002).

[8]Fed. R. Civ. P. 36(b).

[9]Fed. R. Civ. P. 36(b).

[10]*Conlon v. United States*, 474 F.3d 616, 622 (9th Cir. 2007).

### 1.  Withdrawal Would Further Presentation of the Merits of the Action

"The first half of the test in Rule 36(b) is satisfied when upholding the admissions would practically eliminate any presentation of the merits of the case."[11]  Delta seeks to withdraw its admissions to requests 8 through 12 and 17.  Among those admissions are that "Delta violated or breached the terms . . . of the Heilman Settlement Agreement by directly soliciting business from homeowners, tenants, and business owners," and that "the purpose and intention behind the Heilman Settlement Agreement was to benefit class members."[12]

The court agrees with Delta that the admissions would essentially establish that Delta is not an intended beneficiary of the Heilman Settlement Agreement and that even if it were, Delta's contract claims would be barred because it failed to follow the terms of the agreement.  Upholding the admissions to requests 8 through 12 and 17 "would practically eliminate any presentation of the merits" of Delta's case.[13]

### 2.  Withdrawal Would Not Prejudice Defendants

Prejudice under Rule 36(b) "is not simply that the party who obtained the admission will now have to convince the factfinder of its truth."[14]  Instead, "it relates to the difficulty a party may face in proving its case."[15]  For example, such difficulty may be "caused by the unavailability of key witnesses, [or] the sudden need to obtain evidence

---

[11]*Id.* (internal quotations omitted).

[12]Doc. 99-1 at 4, 5.

[13]*Conlon*, 474 F.3d at 622.

[14]*Id.* (internal quotations omitted).

[15]*Id.* (internal quotations omitted).

with respect to the questions previously deemed admitted."[16]  "The party relying on the deemed admission[s] has the burden of proving prejudice."[17]

Defendants have not carried their burden.  Instead of arguing that they would be prejudiced at trial,[18] defendants focus on the perceived weakness of Delta's case.  As Delta correctly points out, withdrawal at this juncture would not prejudice defendants at trial.  The discovery deadline has been extended to May 6, 2011, giving defendants ample time to collect evidence related to the withdrawn admissions.[19]

### 3.  Other Factors

"[I]n deciding whether to exercise its discretion when the moving party has met the two-pronged test of Rule 36(b), the district court may consider other factors, including whether the moving party can show good cause for the delay and whether the moving party appears to have a strong case on the merits."[20]

Defendants argue that Delta does not have a strong case on the merits. Thorough consideration of the merits of Delta's case is unnecessary here.  Even if the court were to accept defendants' characterization, the reason for delay would counteract its force.  Delta's attorney was hospitalized two weeks after the requests for admission were served, underwent emergency heart surgery, and ordered to take

---

[16] *Id.* (internal quotations omitted).

[17] *Id.*

[18] *See id.* at 623 ("When undertaking a prejudice inquiry under Rule 36(b), district courts should focus on the prejudice that the nonmoving party would suffer at trial.").

[19] Doc. 108.

[20] *Conlon*, 474 F.3d at 625.

medical leave until after responses to the requests were due.[21]  The court finds that

Delta had good cause for delay in responding to defendants' requests.

## IV.  CONCLUSION

For the reasons above, defendants' motion at docket 99 is **DENIED** as moot.

Delta's motion at docket 102 to withdraw its admissions to requests 8 through 12 and 17

is **GRANTED**.  Defendants' request for fees is **DENIED,** and defendants' request to

extend deadlines is **DENIED** as moot.

DATED this 15th day of March 2011.


/s/ JOHN W. SEDWICK
UNITED STATES DISTRICT JUDGE

---

[21]Doc. 101-1 ¶¶ 5, 6.